UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID M. FREEMAN<br>c/o Tittle & Perlmuter<br>4106 Bridge Ave.<br>Cleveland, OH  44113<br><br>On behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>OHIO RENAL CARE GROUP, LLC<br>11203 Stokes Boulevard<br>Cleveland, OH 44114<br><br> and c/o its Statutory Agent<br> CT Corporation System<br> 4400 Easton Commons Way<br> Columbus, OH  43219<br><br>—and—<br><br>RENAL CARE GROUP, INC.<br>920 Winter Street<br>Waltham, MA 02451<br><br>—and—<br><br>FRESENIUS MEDICAL CARE HOLDINGS, INC.,<br>dba Fresenius Medical Care North America,<br>920 Winter Street<br>Waltham, MA 02451<br><br> and c/o its Statutory Agent<br> CT Corporation System<br> 155 Federal Street Ste 700<br> Boston, MA 02110 | CASE NO.<br><br>JUDGE<br><br>Magistrate Judge<br><br><br><br><br><br><br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

|  |  |
|---|---|
| and c/o its Ohio Agent/Registrant | ) |
| Fresenius USA Manufacturing Inc. | ) |
| 750 N. Lallendorf Road | ) |
| Oregon, OH 43616 | ) |
|  | ) |
| Defendants. | ) |

Plaintiff David Freeman, through counsel, respectfully files this Class and Collective Action Complaint against the Defendants, stating and alleging as follows.

## INTRODUCTION

1. This case challenges wage-and-hour policies of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio law.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of classes of persons, defined herein, who assert factually-related claims under Ohio law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff David Freeman was a citizen of the United States and a resident of Lorain County, Ohio.

8. Defendants Ohio Renal Care Group, LLC, Renal Care Group, Inc., and Fresenius Medical Care Holdings, Inc. do business throughout Ohio, including within this district.

9. Defendant Ohio Renal Care Group, LLC conducts its business from 11203 Stokes Boulevard, Cleveland, OH 44114. It operates a joint venture with Defendant Renal Care Group, Inc. to provide dialysis treatment at healthcare facilities throughout Northeast Ohio and the state generally.

10. Defendant Renal Care Group, Inc. is a Delaware corporation with its principal place of business in Waltham, Massachusetts, that conducts its Ohio operations from 2500 Metro Health Drive, in Cleveland. Since 2006, Renal Care Group has been a wholly-owned subsidiary of Defendant Fresenius Medical Care Holdings, Inc., dba Fresenius Medical Care North America ("Fresenius").

11. Defendant Fresenius is a New York corporation with its principal place of business in Waltham, Massachusetts. According to the Massachusetts Secretary of State's records, Fresenius' statutory agent is CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110. Fresenius Medical Care North America is an operating division of Fresenius Medical Care Holdings, Inc. and a fictious name utilized by Fresenius for doing business. According to records maintained by the Ohio Secretary of State, the fictitious name "Fresenius Medical Care North America" is registered in Ohio by a Fresenius subsidiary, Fresenius USA Ohio Manufacturing Inc., 750 N. Lallendorf Road, Oregon, OH 43616.

## FACTUAL ALLEGATIONS

### Defendants' Business

12. According to the Company Profile on its website, Fresenius provides coordinated health care services at pivotal care points for hundreds of thousands of chronically ill customers throughout the continent. It does so through its "industry-leading network of more than 2,200 dialysis facilities, outpatient cardiac and vascular labs, and urgent care centers, as well as the country's largest practice of hospitalist and post-acute providers."

13. To provide these services, Fresenius employs medical professionals in clinical as well as acute and post-acute care settings. For all such employees, Fresenius determines the applicable human resources and payroll policies, and issues employee handbooks, clinical protocols, and administrative policies to them in its own name.

14. Fresenius operates nationwide through countless subsidiary entities and trade names. Those through which Fresenius does business in Ohio include Defendants Ohio Renal Care Group, LLC and Renal Care Group, Inc.

### Plaintiff's Employment with Defendants

15. Plaintiff David Freeman has worked as an acute care dialysis nurse for Defendants from December 21, 2009 to the present. In the course of that employment, Plaintiff has worked at several hospitals in Northern Ohio that contract with Defendants for acute renal care services, primarily MetroHealth Medical Center in Cleveland, Lutheran Hospital in Cleveland, Mercy Hospital in Lorain, and Avon Hospital in Avon.

16. Plaintiff Freeman's W-2 employer was Renal Care Group, Inc.

17. Renal Care Group, Inc. conducted its joint venture with Ohio Renal Care Group, LLC to operate the renal care services rendered by Plaintiff Freeman, the Potential Opt-Ins, and Ohio Class Members.

18. Fresenius was the parent company of both Renal Care Group, Inc. and Ohio Renal Care Group, LLC, and promulgated many of the policies carried out by its subsidiaries at issue in this case.

19. Plaintiff Freeman, as well as other persons with whom he is similarly situated pursuant to 29 U.S.C. § 216(b) and Ohio law, are or were hourly, non-exempt employees of Defendants within the meaning of the FLSA and Ohio wage-and-hour laws.

**Defendants' Unlawful Deduction of Meal and Other Break Periods**

20. The FLSA and Ohio law required Defendants to pay employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

21. Defendants did not pay Plaintiff and other employees for all of the hours they were suffered or permitted to work. Defendants provided timesheets on which employees recorded their daily hours worked and other relevant information, including whether a meal break was taken. However, Defendants often ignored Plaintiff's and employees' notations on the timesheets and auto-deducted half-hour meal and other break periods from their pay even when their timesheets stated that breaks were not taken.

**Defendants' Failure to Pay Proper "On Call" Pay**

22. Defendants required that Plaintiff and other employees provide "on-call coverage" during periods in which they are not otherwise scheduled to work. The Fresenius Medical Care policy entitled "On-Call/Beeper Pay- Acute & Home Therapy" entitled them to "call pay" during certain hours, and according to prescribed rates and amounts.

23. When an hourly employee was called upon to work during on-call hours, the policy provided that "[t]he employee will be paid a minimum of two hours at the base hourly rate." However, Defendants did not pay that prescribed rate and amount in all such instances.

6

24. Plaintiff and other employees had their wages reduced by virtue of Defendants' failure to pay proper call pay.

### Willfulness of Defendant' Violations

25. Defendants knew that employees' pay must properly include all actual hours reported on their timesheets, or acted in reckless disregard for whether all such hours must be included.

26. Defendants practice of auto-deducting break periods on days when employees' timesheets stated that breaks were not taken disregarded the clear proscription of the FLSA and Ohio law against denying employees paid for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

27. Defendants further knew that employees were entitled to certain call pay when called upon to work during on-call hours. Defendants' practice of failing to pay proper call pay disregarded written policies and deprived employees of promised compensation, including overtime compensation, to which they were clearly entitled.

### Defendants' Status as "Employers"

28. Defendants "employers" of Plaintiff and other similarly-situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

29. The parent company, Fresenius, directly determined the compensation terms by which Plaintiff and other employees were paid. Fresenius issued, in its own name, employee handbooks, clinical protocols, and human resources policies applicable to Plaintiff and all other Fresenius employees. For example, Plaintiff and other employees were provided with "Fresenius Medical Care" compensation policies entitled "Employee

7

Wages & Work Hours" and "On-Call/Beeper Pay- Acute & Home Therapy." The paychecks issued to Plaintiff and other employees listed Fresenius's headquarters address and phone number.

30. Renal Care Group was an "employer" pursuant to 29 U.S.C. § 203(d) in that it was "a person [who] act[ed] directly or indirectly in the interest of an employer," Fresenius, "in relation to employees," including Plaintiff and other similarly-situated employees. Plaintiff's paychecks were issued by Renal Care Group, and Renal Care Group, in conjunction with joint venturer Ohio Renal Care Group, operated Fresenius' renal care services in Ohio.

31. Ohio Renal Care Group was an "employer" pursuant to 29 U.S.C. § 203(d) in that it was "a person [who] act[ed] directly or indirectly in the interest of an employer," Fresenius, "in relation to employees," including Plaintiff and other similarly-situated employees. Ohio Renal Care Group was joint venturer with Renal Care Group in operating Fresenius' renal care services in Ohio.

32. Department of Labor regulations provide that employees may work simultaneously for two or more joint employers. 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id*. Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions." *Id*.

33. Defendants were joint employers of Plaintiff and other similarly-situated employees under the FLSA.

34. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r) and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated."

37. Two groups of Potential Opt-Ins are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations. Plaintiff Freeman is a member of both groups.

38. The Break Period Group consists of: All current and former non-exempt employees of Fresenius Medical Care North America or one of its divisions or subsidiaries in Ohio who worked one or more fulltime workweeks in the three years preceding the filing of this case and had break periods deducted on days when their timesheets stated that breaks were not taken.

39. The Call Pay Group consists of: All current and former non-exempt employees of Fresenius Medical Care North America or one of its divisions or subsidiaries in Ohio who worked one or more fulltime workweeks in the three years preceding the filing of this case and were not paid a minimum of two hours at their base hourly rate when called upon to work during on-call hours.

40. The persons in the respective groups are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to Defendants' wage-and-hours policies, all were injured by those policies, and all have the same claims against Defendants for unpaid wages, liquidated damages, attorneys' fees, and costs.

41. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

42. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of hundreds of persons. Such persons are readily identifiable through the records Defendants have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## CLASS ACTION ALLEGATIONS

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and other members of two proposed state-law classes.

45. The Ohio Break Period Class consists of: All current and former non-exempt employees of Fresenius Medical Care North America or one of its divisions or subsidiaries in Ohio who worked one or more fulltime workweeks in the three years preceding the filing of this case and had break periods deducted on days when their timesheets stated that breaks were not taken.

10

46. The Ohio Call Pay Class consists of: All current and former non-exempt employees of Fresenius Medical Care North America or one of its divisions or subsidiaries in Ohio who worked one or more fulltime workweeks in the three years preceding the filing of this case and were not paid a minimum of two hours at their base hourly rate when called upon to work during on-call hours.

47. The Ohio Classes are so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of hundreds of persons. The number of class members as well as their identities are ascertainable from records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

48. There are questions of law or fact common to the Ohio Classes, including but not limited to whether Defendants' auto-deduction of break periods deprived Plaintiff and other class members of compensation for hours worked and whether Defendants' pay practices deprived Plaintiff and other class members of proper call pay for periods when they were called upon to work during on-call hours.

49. Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

50. Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action

litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

51. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to class members, listed above, are common to the classes as a whole, and predominate over any questions affecting only individual class members.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached as Exhibit 1.

55. The FLSA required Defendants to pay their non-exempt employees for all hours they were "suffer[ed] or … permit[ted] to work."  29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

56. Defendants did not pay Plaintiff and the Potential Opt-Ins for all of the hours they were suffered or permitted to work.  Defendants provided timesheets on which Plaintiff and Potential Opt-Ins recorded their daily hours and whether breaks were taken, but then auto-deducted break periods on days when the timesheets stated that breaks were not taken.

57. Plaintiffs and the Potential Opt-Ins frequently worked forty or more hours per workweek.  They would have received overtime compensation, or additional overtime compensation, if all of their hours had been properly included and paid.

58. As a result of Defendants' FLSA violations, Plaintiff and the Potential Opt-Ins were injured in that they did not receive compensation due to them pursuant to the FLSA.  Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

59. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60. Plaintiff brings this claim for violation of Ohio's overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

61. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

62. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by willfully auto-deducting break periods from Plaintiff's, Potential Opt-Ins', and Class Members' pay for days when their timesheets stated that breaks were not taken.

63. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

64. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

### COUNT THREE
### (Ohio Prompt Pay Act Violations)

65. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the

preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

67. Defendants failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiffs, the Opt-Ins, and the Ohio Class Members entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## COUNT FOUR
### (Ohio Record-Keeping Violations)

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. The Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, required Defendant to maintain accurate and complete records of employees' time. Ohio Const. art. II, § 34a.

70. Defendants violated the OMFWA's record-keeping requirement by failing to maintain accurate and complete records of employees' time.

71. As a result of Defendant's record-keeping violations, Plaintiff, the Opt-Ins in Ohio, and the Ohio Class Members were injured in that Defendant does not have accurate and complete records of their working hours.

## COUNT FIVE
### (Declaratory Judgment)

72. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

73. Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

74. Pursuant to Ohio Revised Code Sections 2721.01 to 2721.15, a justiciable controversy exists between Plaintiff and other Ohio Class members and Defendants.

75. A declaratory judgment will aid in determining the rights and obligations of the parties.

76. As to the Ohio Classes, Plaintiff asks the Court to declare that (a) Defendants' policy and practice of auto-deducting meal periods from employees' hours on days when their timesheets stated that breaks were not taken, and failing to pay employees a minimum of two hours of call pay at their base hourly rate when they were "called in to work," violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, (b) Defendants' application of those policies and practices unlawfully reduced class members' overtime pay, and (c) Defendants' improper deduction of break periods from employees' pay and Defendants' failure to pay proper call pay violated the Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Classes;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio

   Classes;

D. Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Classes in the amount of their unpaid wages;

E. Award liquidated damages as permitted under the FLSA and Ohio law; and

F. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

            Respectfully submitted,

            s/ Scott D. Perlmuter
            Scott D. Perlmuter (0082856)
            4106 Bridge Avenue
            Cleveland, OH  44113
            216-308-1522
            Fax: 888-604-9299
            scott@tittlelawfirm.com

            s/ Thomas A. Downie
            Thomas A. Downie (0033119)
            46 Chagrin Falls Plaza #104
            Chagrin Falls, Ohio 44022
            440-973-9000
            tom@chagrinlaw.com

            Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

            s/ Scott D. Perlmuter
            Scott D. Perlmuter (0082856)