UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID FREEMAN, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>OHIO RENAL CARE GROUP, LLC, *et al.,*<br><br>                Defendants. | Case No. 1:20-cv-02402-JPC<br><br>Judge J. Philip Calabrese<br>Magistrate Judge Jonathan D. Greenberg<br><br>**ORDER OF DISMISSAL AND<br>APPROVING SETTLEMENT** |

      This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve as fair and reasonable the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Collective Action Settlement Agreement"), which is attached to the Joint Motion as Exhibit A, and in the Individual Settlement and Release Agreement relating to and signed by the Representative Plaintiff David Freeman ("Individual Release Agreement"), which is attached to the Joint Motion as Exhibit C.

      Having reviewed the Joint Motion and its exhibits, the Collective Action Settlement Agreement, the Individual Release Agreement, and the Declaration of Scott Perlmuter as well as the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, and in doing so, the Court approves the Collective Action Settlement Agreement, the proposed Notice, the proposed Consent and Release Form, the proposed allocation and calculation of Individual Payments, the proposed

1

attorneys' fees and expense reimbursements to Class Counsel, and the Individual Release Agreement as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, and under Ohio state law, on behalf of current and former non-exempt, acute care employees of Defendant Ohio Renal Care Group, LLC, Defendant Renal Care Group, Inc., and Defendant Fresenius Medical Care Holdings, Inc. (collectively, "Defendants"), who worked for Defendants in Ohio and who were allegedly not paid all compensation, including overtime compensation at the rate of one and one-half their regular rate of pay for all hours they allegedly worked over forty (40) each workweek.

2. On October 22, 2020, Representative Plaintiff David Freeman filed this Action as a collective action under the FLSA and as a class action pursuant to Federal Rule of Civil Procedure 23 whereby he alleged violations of the FLSA, Ohio state wage and hour law, and Ohio's Prompt Pay Act based on Defendants' alleged failure to pay their non-exempt, acute care employees in Ohio, including Plaintiff, all compensation to which they were allegedly entitled.  In this Action, Representative Plaintiff articulated several theories, including, but not limited to, that Defendants allegedly failed to pay their non-exempt, acute care employees in Ohio, including Plaintiff, the two-hour minimum on-call pay as set forth by policy and for missed meal periods that thereby resulted in an alleged underpayment of straight time compensation as well as an alleged underpayment of overtime compensation.

3. Since the filing of this Action, the Parties engaged in an informal exchange of information regarding Plaintiff's claims and Defendants' defenses to such claims.  This included an exchange of relevant payroll and time records for Representative Plaintiff as well as a two-month sample of payroll and time records for twenty randomly selected Eligible Settlement

Participants.  This also included the calculation of alleged damages for the Representative Plaintiff and the twenty randomly selected Eligible Settlement Participants.

4. The Parties engaged in extensive factual and legal discussion and correspondence surrounding Representative Plaintiff's theories, the propriety of class and/or collective action treatment, and Defendants' defenses whereby the Parties provided legal authority and arguments on both sides, which included numerous and lengthy discussions, written communications, and video conferences.

5. During the months of August, September, and October 2021, the Parties engaged in extensive settlement negotiations, including three separate days of mediation before United States Magistrate Judge Johnathan D. Greenberg.  On October 22, 2021, during the third day of mediation, the Parties reached an agreement to settle the Action on the terms set forth in the Collective Action Settlement Agreement, which is attached to the Joint Motion as Exhibit A, and in the Individual Release Agreement, which is attached to the Joint Motion as Exhibit C.  The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

6. The Settlement will cover Representative Plaintiff and all of the Eligible Settlement Participants (identified in Appendix 1 of the Collective Action Settlement Agreement, which was provided to the Court under seal) who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Class Members").

7. To receive an Individual Payment, the Eligible Settlement Participants must sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion.  The Eligible Settlement Participants may return Consent and Release Forms to Class Counsel within sixty (60) calendar days after the mailing of the Notice.  The Consent and Release Forms must be

signed electronically (eSigned) via PDF, postmarked, faxed, or e-mailed to Class Counsel within the sixty (60) calendar day period to be timely.

8. The Settlement and the Collective Action Settlement Agreement provide that, in consideration of the Total Eligible Settlement Payment, the claims of the Representative Plaintiff and Eligible Settlement Participants who elect to participate in the Settlement by signing and returning Consent and Release Forms are to be dismissed with prejudice.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms'-length negotiations between experienced counsel after substantial investigation and was facilitated during three days of mediation conducted by United States Magistrate Judge Johnathan D. Greenberg. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and Eligible Settlement Participants. The Court has considered all relevant facts, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

10. The Court approves the Settlement, including the Collective Action Settlement Agreement, the proposed Notice, the proposed Consent and Release Form, and the Individual Release Agreement, and orders that the Settlement be implemented according to the terms and conditions of the Collective Action Settlement Agreement, the Individual Release Agreement, and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff and all Eligible Settlement Participants who elect to participate in the Settlement by signing and returning a Consent and Release Form.

11. The Court finds that the proposed allocation and calculation of the Individual Payments to Representative Plaintiff and the Eligible Settlement Participants are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Collective Action Settlement Agreement an Appendix providing the names of the Representative Plaintiff and the Eligible Settlement Participants as well as their respective Individual Payment should they elect to participate in the Settlement by signing and returning a Consent and Release Form. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Collective Action Settlement Agreement.

12. The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Collective Action Settlement Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Class Action Settlement Agreement.

13. The Court approves the payment of the additional Service Award-Settlement Payment to Representative Plaintiff David Freeman, which constitutes an award for serving as the representative plaintiff in this Action and constitutes additional consideration for the promises made by Mr. Freeman in the Collective Action Settlement Agreement and in the Individual Release Agreement. Further, the Court orders that such Settlement Payment be distributed in the manner, and subject to the terms and conditions, set forth in the Individual Release Agreement.

14. The Court dismisses the claims of the Representative Plaintiff and Eligible Settlement Participants who sign and return Consent and Release Forms with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay

and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

15. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members, and the distribution process.

**SO ORDERED:**

Date: January 26, 2022

J. Philip Calabrese United States District Judge

**SO STIPULATED:**

/s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
TITTLE & PERLMUTER
4106 Bridge Avenue
Cleveland, Ohio 44113
Telephone: (216) 308-1522
scott@tittlelawfirm.com

Thomas A. Downie (0033119)
46 Chagrin Falls Plaza, Suite 104
Chagrin Falls, Ohio 44022
Telephone: (440) 973-9000
Fax: (440) 210-4610
tom@chagrinlaw.com

*Class Counsel*

/s/ Richard A. Millisor
Richard A. Millisor (0062883)
James M. Patrick (0088026)
FISHER & PHILLIPS LLP
200 Public Square, Suite 4000
Cleveland, Ohio 44114
Telephone: (440) 838-8800
Fax: (440) 838-8805
rmillisor@fisherphillips.com
jpatrick@fisherphillips.com

*Counsel for Defendants*